ROBBINS v. CENTRAL TRUST CO.

CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD—MENTAL INCOMPETENCY.

> Suit for cancellation of certain deeds on grounds of fraud and grantor's mental incompetency was properly dismissed, where there was no evidence of fraud, and evidence showed that grantor was not affected in execution of said deeds by any delusions or hallucinations.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 12, 1931. (Docket No. 141, Calendar No. 35,818.) Decided October 5, 1931.

Bill by Nellie Pearl Robbins, by next friend, against Central Trust Company, special administrator of the estate of Warren S. Robbins, deceased, and others to set aside certain deeds and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*J. Earle Brown (Shields, Silsbee, Ballard & Jennings* and *K. D. Wilkins,* of counsel), for plaintiff.

*Cummins & Cummins,* for defendants Central Trust Company and Dorothy Robbins.

WIEST, J. Nellie Pearl Robbins and Warren S. Robbins, on May 24, 1927, as husband and wife, owned certain real estate as tenants by the entirety. That day Mr. and Mrs. Robbins visited the office of an attorney, and deeds were executed placing the title in Mr. Robbins, who executed a will leaving his estate, subject to provision in behalf of his wife, to the daughter, issue of the marriage, and an illegitimate son of Mrs. Robbins, but not in equal shares. In October, 1927, Mrs. Robbins was adjudged insane, being afflicted with dementia praecox, paranoia type, and committed to the State hospital at Kalamazoo, where she now remains. In March, 1928, Mr. Robbins filed a bill for divorce, for extreme cruelty antedating the insanity of Mrs. Robbins, and in June, 1928, the divorce was granted, and Mr. Robbins required to maintain Mrs. Robbins in the hospital. Mr. Robbins died in June, 1930, and the will he executed in May, 1927, was admitted to probate after objections thereto by the daughter and Mrs. Robbins' son had been withdrawn. September 1, 1930, the bill herein was filed in behalf of Mrs. Robbins to have the deeds of May, 1927, set aside on the grounds of fraud and mental incompetency of Mrs. Robbins. From a decree dismissing the bill, plaintiff has appealed.

The evidence at the hearing disclosed no fraud. It is manifest that Mrs. Robbins exercised reasoning faculties in consenting to have the title placed in her husband and a will executed by him making provision for her son. The relations between Mr. Rob-

bins and that son were strained, and Mrs. Robbins had reason to believe that, if she died first and title remained by the entirety, the son would get nothing. Mr. Robbins had cause for not remembering the son in case of such an event. Under the arrangement carried out, Mrs. Robbins was provided for in the will and her son constituted a beneficiary.

The record fully justifies the following conclusions stated by the circuit judge:

"Such testimony as has been presented, touching the attitude of Mrs. Robbins at the time of the execution of the deeds, indicates that she was then rational and that she indulged in no conduct of any kind suggesting the contrary fact.

"It seems to be the settled rule in this State that delusions or hallucinations on the part of one entering into a business transaction will not justify the avoidance thereof unless such delusions or hallucinations entered into and affected the contractual relations or other matters involved. In this case, giving due weight to the competent evidence bearing on this point, I do not think it can be said that Mrs. Robbins was affected in the execution of the deeds here involved by any delusions or hallucinations. To conclude that she was so moved or prompted necessitates a resort to theory and speculation. In the positive testimony throwing light on her conduct at that time, there is nothing to show that the transaction was not entered into and consummated deliberately and rationally, with a specific purpose and intent in mind. Whether, in the light of subsequent events, the arrangement made was expédient from the business standpoint is beside the issue. I am impressed that Mrs. Robbins knew what she was doing, that she knew exactly why she was doing it, and that she was fully capable at that time of reasoning coherently and logically with reference to the purpose that the parties were apparently seeking to

effectuate. If any insane delusions or hallucinations entered into her conduct in any way, such fact does not appear, nor does it appear that on the 24th of May, 1927, she was laboring under any such delusion or hallucination. Her concern for the future of her son certainly cannot be viewed as an abnormal manifestation on her part of a diseased mental condition. Nor may her possible fears concerning the attitude of her husband towards the son be regarded as without tangible foundation. On the contrary, the record discloses that there was some feeling between Mr. Robbins and the boy, Walter, which was not without reason or justification under all the circumstances. Be that as it may, Mrs. Robbins obviously desired to make some provision for the future benefit of the son, and, with that thought in mind, agreed to the method that was evidenced by the deeds and the will. In doing this she, to a certain extent, subordinated her own present interests to the son's welfare, but such conduct on the part of a mother cannot be regarded as irrational nor as the result of the workings of an unbalanced mind.''

We have not overlooked the testimony of a medical expert: ''That any person who has a delusion is incompetent to transact business. Any form of delusion. Their judgment is affected, is controlled and dominated more or less by that delusion. * * * Any person who has delusions is insane in the State of Michigan,'' and have accorded such testimony due consideration.

The decree in the circuit is affirmed, with costs against plaintiff.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.